[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE No. 107
The plaintiff, Susan Petho, filed a sixteen-count complaint on June 25, 1993, in which she alleges that the defendant, United Church of Christ Corporation, Inc. ("Church"), a nonprofit corporation doing business in Connecticut through its member churches, and acting through its agents, servants and employees, including its president, defendant Paul Sherry ("Sherry"), accepted defendant Reverend Dr. Alexander Fuleki ("Fuleki") into the Church as a pastor, despite the fact that they knew or should have known of Fuleki's prior acts of sexual misconduct. The plaintiff alleges that from November 1991 through January 1993, she sought and obtained counseling services from Fuleki. The plaintiff further alleges that Fuleki harrassed, sexually assaulted and raped her during the course of these counseling sessions.
In the third count of her complaint, the plaintiff alleges that the Church was negligent in allowing Fuleki to become a pastor, as the Church, through its agents, servants and employees, knew or should have known of Fuleki's prior acts of sexual misconduct. In the fifth count, the plaintiff alleges that Sherry was negligent in hiring Fuleki as a pastor, as he knew or should have known of Fuleki's prior acts of sexual misconduct. In the fourth count, the plaintiff asserts that the Church is liable for Fuleki's acts based on the doctrine of apparent agency. In so doing, the plaintiff alleges that at the time of his misconduct, Fuleki was acting within the scope of his employment, and that she reasonably believed that he was acting as an "apparent agent" under the control and supervision of the Church. The balance of the complaint alleges various related claims against Fuleki, Sherry, the Church, and other CT Page 8538 defendants. These other counts are not relevant to the motion presently pending before the court.
On August 27, 1993, the Church and Sherry (collectively, "the defendants") filed a motion to strike (#107) the third, fourth and fifth counts of the plaintiff's complaint. The defendants move to strike the third and fifth counts on the ground that the plaintiff's negligent hiring claims are barred by the Free Exercise Clause of the First Amendment. The defendants move to strike the fourth count on the ground that they cannot be vicariously liable for Fuleki's acts because these acts were committed solely for Fuleki's own benefit.
The motion to strike tests the legal sufficiency of the allegations of a complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 540 A.2d 1185 (1988). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
Third and Fifth Counts
The Free Exercise Clause is applicable when a state impinges on a religious practice or belief. Wisconsin v. Yoder,106 U.S. 205, 215-16 (1972). "If no legitimate religious belief or practice is at issue then the free exercise defense becomes frivolous." Strock v. Presnell, 380 Ohio St.3d 207, 210,527 N.E.2d 1235, 1238 (1988).
In the present case, the defendants are being sued based on allegations of tortious conduct. A suit based on the alleged negligent hiring of a sexually abusive minister does not implicate the Free Exercise Clause, as such a suit does not implicate the beliefs or practices of the United Church of Christ. The plaintiff alleges that the defendants knew or sexually abusing parishioners. "[E]ven the most liberal construction of the First Amendment will not protect a religious organization's decision to hire someone it knows is likely to commit criminal or tortious acts." Byrd v. Faber, 57 Ohio St.3d 56, CT Page 8539565 N.E.2d 584, 590 (1991). Therefore, the defendants' motion to strike the third and fifth counts of the plaintiff's complaint is denied. (The case cited by the defendants, Baumgartner v. First Church of Christ, Scientist,141 Ill. App.3d 898, 490 N.E.2d 1319 (1986), cert. denied,497 U.S. 915, 107 S.Ct. 317, 93 L.Ed.2d 290 (1986), does not provide blanket tort immunity for religious groups, and is inapposite to the present case, as it involves a Christian Scientist healer who was sued for medical malpractice and clergy malpractice for attempting to heal the plaintiff's decedent through prayer. In Baumgartner, the court refused to impose a duty of care upon Christian Scientist healers because doing so would require the court to interpret religious doctrines and scriptures, and the First Amendment precludes such an intrusive inquiry into religious matters. Id., 490 N.E.2d 1324.)
Fourth Count
An "apparent agency" exists where "one who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent. . . ." Restatement (Second) Agency, 267, p. 578. When an apparent agency is found to exist, the principal may be "subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such." Id. To be acting within the scope of employment, the trier of fact must find that the servant is motivated at least in part "by a purpose to serve a principal." A.G. Foods, Inc. v. Pepperidge Farms, 216 Conn. 200,210, 579 A.2d 69 (1990).
The plaintiff alleges facts sufficient to support a claim based on apparent agency, as the plaintiff alleges that the defendants held Fuleki out as an agent; that Fuleki was serving his principals (the defendants) by providing counseling services to parishioners; that the plaintiff relied upon Fuleki's care and skills as a minister and counselor; and that the plaintiff's injuries were caused by Fuleki's mishandling of the counseling relationship. Whether or not Fuleki was acting within the scope of his employment when he allegedly abused the plaintiff is a question for the trier of fact, and as such, cannot properly be considered on a motion to strike. Therefore, the defendants' motion to strike the fourth count of the plaintiff's complaint is denied. CT Page 8540
BALLEN, J.